IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE D. GORDON,

    Petitioner,                    No. 2:12-cv-1928 EFB P

    vs.

MICHAEL BABCOCK,

    Respondent.             ORDER

_____/

Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). For the reasons explained below, the court finds that it lacks jurisdiction and the petition must therefore be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

**I.    Background**

Petitioner alleges that he was convicted in the United States District Court for the Western District of Missouri for violating 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). Pet., Dckt. No. 1 at 2. In his petition, petitioner states that he previously filed a motion to vacate, set aside, or

1

correct his sentence pursuant to 28 U.S.C. § 2255 in the court of conviction. He further states that his remedy under § 2255 was inadequate because "[t]he District Court erred in failing to make specific findings of fact and conclusions of law on all issues presented in the 2255 motion." *Id*. at 3.

## II.   Analysis

Generally, a challenge to the legality of a petitioner's sentence should be brought under § 2255 in the court in which the petitioner was sentenced rather than under 28 U.S.C. § 2241 in the court for the geographic territory encompassing the prison in which the petitioner is confined. *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). This general rule has one exception–under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in the custodial court where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; 28 U.S.C. § 2255(e).

"[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted). "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614." *Marrero* v. *Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). Under *Bousley*, "actual innocence means factual innocence, not mere legal insufficiency." 523 U.S. at 623. To establish factual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The Ninth Circuit explained the standard for determining whether a petitioner had an unobstructed procedural shot to pursue his claim: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion; and

1  (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255
2  motion." *Harrison*, 519 F.3d at 960 (emphasis added; internal quotation marks omitted).
3  An intervening court decision must "effect a material change in the applicable law" to establish
4  unavailability. *Id.*

5  Here, petitioner alleges that the United States District Court for the Western District of
6  Missouri misapplied the sentencing guidelines in sentencing him to 90 months of incarceration.
7  Dckt. No. 1 at 3. Since petitioner is challenging the legality of his sentence, and not the
8  administration of his sentence, petitioner may not pursue his claim under § 2241 unless he can
9  satisfy the escape hatch criteria of § 2255.

10  Petitioner does not claim that he is actually innocent of the crimes for which he was
11  convicted. Nor does he contend that no reasonable juror would not have convicted him of the
12  charged offenses. Indeed, petitioner does not even seek reversal of his conviction. Rather,
13  petitioner only challenges the length of his sentence, claiming that the court of conviction
14  misapplied the sentencing guidelines. Thus, he fails to satisfy the actual innocence requirement
15  of § 2255's savings clause.

16  Furthermore, petitioner has not shown that he has not received an unobstructed
17  procedural shot at pursuing his claims. He does not allege that the basis of his claim did not
18  arise until after he filed his first § 2255 motion, nor does he claim that the law materially
19  changed subsequent to adjudication of his first § 2255 motion.

20  Petitioner has not made a claim of actual innocence, nor has he shown that he did not
21  receive an unobstructed procedural shot at his claims. Therefore, he has failed to demonstrate
22  that § 2255 provides an inadequate or ineffective remedy for asserting his claims. His claims
23  must therefore be brought in a § 2255 petition in the sentencing court, and this court lacks
24  jurisdiction over his § 2241 petition.

25  ////
26  ////

### III. Conclusion

Accordingly, it is hereby ORDERED that:

1. The petition for writ of habeas corpus, Dckt. No. 1, is dismissed for lack of subject matter jurisdiction; and

2. The Clerk is directed to close the case.

Dated: October 15, 2012.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE